IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02561-BNB

DE'ON WAYNEWOOD,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, ADULT PAROLE,

    Respondent.

## ORDER TO DRAW

    Applicant, De'on Waynewood, currently resides in Aurora, Colorado, and is subject to parole. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenges the execution of this sentence. In an order filed on September 26, 2013, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On October 28, 2013, Respondent filed a Preliminary Response. Applicant filed a Reply on November 15, 2013.

    Respondent asserts that the Application should be denied because Applicant has failed to exhaust state remedies. Respondent contends that because Applicant failed to pay the filing fee and to provide an original signature on the petition for writ of habeas corpus that he filed with the Colorado Supreme Court (CSC) on March 12, 2013, the

petition is deficient and no final decision has been entered. Applicant asserts in his Reply that he complied with the CSC's order to cure and attached a copy of the deficiency notice from the CSC that he received subsequent to filing the March 12, 2013 petition. Applicant also submitted a copy of the money order receipt showing he sent the filing fee to the CSC, and stated in the Reply that he signed and returned a copy of the petition to the CSC as required by the deficiency notice.

Furthermore, the CSC's order dated March 20, 2013, *see* ECF No. 11-4, and ECF No. 12 at 8, did not dismiss the petition for failure to cure deficiencies. The order states that upon consideration of the petition and being sufficiently advised in the premises the petition is denied. *Id.* Therefore, based on Applicant's Reply and the CSC's March 20 order, Applicant appears to have exhausted his remedies. Accordingly, it is ordered that the application and action shall be drawn to a district judge and to a magistrate judge.

DATED January 2, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge