**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02561-CMA

DE'ON WAYNEWOOD,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS – ADULT PAROLE,

    Respondent.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

    This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 5) ("the Amended Application") filed *pro se* by Applicant, De'on Waynewood.  Mr. Waynewood contends that his continuing custody violates state law and his constitutional rights because he has completed his sentence.  On January 2, 2014, Respondent was ordered to show cause why the Amended Application should not be granted.  Respondent has filed a Response to Order to Show Cause ("the Response") (Doc. # 24) and Mr. Waynewood has filed a Response to Respondent's Response to Order to Show Cause ("the Reply") (Doc. # 25).  After reviewing the pertinent portions of the record in this case including the Amended Application, the Response, and the Reply, the Court concludes that the Amended Application should be granted.

## I. **BACKGROUND**

Mr. Waynewood is in custody pursuant to his conviction and sentence in Arapahoe County, Colorado, District Court case number 99CR1918. Mr. Waynewood agreed to plead guilty to two counts of sexual assault on a child and he originally was sentenced to probation. (*See* Doc. # 24-1 at 5.) After his probation was revoked Mr. Waynewood was resentenced to fourteen years in the custody of the Colorado Department of Corrections (DOC) on each count and five years of mandatory parole. (*See id.*) The prison sentences were ordered to be served concurrently and Mr. Waynewood was credited with 317 days of presentence confinement credit. (*See id.*) On March 7, 2002, the trial court issued an amended mittimus to reflect that Mr. Waynewood was subject to discretionary parole and not a term of mandatory parole in addition to his prison sentences. (*See* Doc. # 24-1 at 6.) This change was prompted by the Colorado Supreme Court's decisions in *Martin v. People*, 27 P.3d 846 (Colo. 2001), and *People v. Cooper*, 27 P.3d 348 (Colo. 2001).

> In *Martin*, 27 P.3d at 863, [the Colorado Supreme Court] held that the legislature created two systems of parole for felonious offenders convicted of crimes occurring between 1993 and 1996. The legislature provided that most felonious offenders receive a sentence to incarceration plus an additional period of mandatory parole. *Id.* Sex offenders, however, receive a sentence to incarceration with the parole board having the exclusive authority to grant parole within that sentence. *Norton*, 63 P.3d at 347. Persons convicted of offenses involving unlawful sexual behavior whose crimes were committed on or after July 1, 1996, but before July 1, 2002, are also subject to the discretionary parole provisions. § 17-2-201(5)(a.5), C.R.S. (2005); *People v. Cooper*, 27 P.3d 348, 356 (Colo. 2001).

*People v. Rockwell*, 125 P.3d 410, 415 (Colo. 2005) (footnote omitted).  On April 8, 2013, the DOC received another amended mittimus that reflects a change in the date of Mr. Waynewood's offenses from August 6, 1995, to between August 6, 1995, and October 31, 1998.  (*See* Doc. # 24-1 at 7.)

Mr. Waynewood has been released on parole five times and his parole has been revoked four times as follows:  on April 18, 2008, his parole was revoked for a period of 120 days (*see id.* at 11); on January 24, 2011, his parole was revoked for 100 days (*see id.* at 14); on November 21, 2011, his parole was revoked for 180 days (*see id.* at 17); and on January 11, 2013, his parole again was revoked for 180 days (*see id.* at 20).  Mr. Waynewood most recently was released on parole on June 25, 2013, and he remains in custody on parole at this time.  In computing Mr. Waynewood's sentence the DOC has determined that the time he has spent on parole is "null time" that may not be credited against his fourteen-year prison term.  The parties agree that, not including the time Mr. Waynewood has spent on parole since June 25, 2013, he has been on parole for a total of four years, one month, and six days.

Mr. Waynewood contends in the Amended Application that he has completed his sentence because the time he has spent in prison and on parole, together with his presentence confinement and earned time credits, exceeds the fourteen-year prison term he was sentenced to serve.  Respondent calculates Mr. Waynewood's current discharge date as follows:

> Fourteen years [sic] sentence on case no. 99CR1918, less three hundred seventeen days presentence confinement credit, leaves thirteen years one month and thirteen days to serve as of the sentencing date of October 31, 2000, resulting in a completion date estimated to be December 14, 2013. This date is extended by the null periods . . . for a total extension of 4 years 1 month and 6 days, producing a completion date of January 19, 2018. Next, the date is reduced by granted earned time in the amount of 3 years 4 months 14 days, and 1 month projected earned time (assumed will be earned for the last 3 months of the sentence), to result in the currently estimated sentence discharge date of August 5, 2014.

(Doc. # 24 at 6, ¶19.) Mr. Waynewood explains in the Reply that "[i]t is the extension of the sentence by 4 years, 1 month and 6 days as 'null time' under the incorrect statute application that is the matter before this court." (Doc. # 25 at 5.)

## II. STANDARDS OF REVIEW

The fundamental purpose of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Waynewood "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Court must construe Mr. Waynewood's claims and arguments liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

### III.  DISCUSSION

The Court construes the Amended Application liberally as asserting a constitutional due process claim premised on a misapplication of the relevant Colorado statute governing the computation of Mr. Waynewood's sentence.  The United States Constitution guarantees due process only when a person is deprived of life, liberty, or property.  See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Waynewood does not allege that he has been deprived of life or property as a result of the DOC's failure to credit his sentence with the null time served on parole. Therefore, his due process claim depends upon the existence of a constitutionally protected liberty interest in having the time served on parole credited against his sentence.

The Court must examine the nature of the interest asserted to determine whether a constitutionally protected liberty interest exists.  See *Sandin v. Conner*, 515 U.S. 472, 480-84 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  See *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise from either the United States Constitution itself or state law.  See *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). However, it is clear that the Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence.  See *Swarthout v.*

*Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Therefore, the Court looks to Colorado law to determine whether a constitutionally protected liberty interest exists.

According to the parties the pertinent state law the Court must consider is § 17-22.5-403 of the Colorado Revised Statutes.  Four particular subsections of that statute are relevant to the Court's analysis and the relevant portions of those subsections provide as follows:

> (5) For any offender who is incarcerated for an offense committed prior to July 1, 1993, upon application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17-22.5-404, shall determine whether or not to grant parole and, if granted, the length of the period of parole.  The state board of parole may set the length of the period of parole for any time period up to the date of final discharge as determined in accordance with section 17-22.5-402. . . .
>
> (6) For persons who are granted parole pursuant to subsection (5) of this section, the division of adult parole shall provide parole supervision and assistance in securing employment, housing, and such other services as may effect the successful reintegration of such offender into the community while recognizing the need for public safety.  . . . Upon a determination that the conditions of parole have been violated in a parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, which circumstances shall be set forth in writing, or revoke the parole and order the return of the offender to a place of confinement designated by the executive director for any period of time up to the period remaining on such person's sentence until the discharge date as determined by section 17-22.5-402 or one year, whichever is longer.  In computing the period of reincarceration for an offender other than an offender

sentenced for a nonviolent felony offense, as defined in section 17-22.5-405(5), the time between the offender's release on parole and return to custody in Colorado for revocation of such parole shall not be considered to be part of the term of the sentence. . . .

(7)(a) For any offender who is incarcerated for an offense committed on or after July 1, 1993, upon application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17-22.5-404, shall determine whether or not to grant parole. The state board of parole, if it determines that placing an offender on parole is appropriate, shall set the length of the period of parole at the mandatory period of parole established in section 18-1.3-401(1)(a)(V) or 18-1.3-401.5(2)(a), C.R.S., except as otherwise provided for specified offenses in section 17-2-201(5)(a), (5)(a.5), and (5)(a.7). . . .

. . .

(8)(a) For persons who are granted parole pursuant to paragraph (a) of subsection (7) of this section, the division of adult parole shall provide parole supervision and assistance in securing employment, housing, and such other services as may affect the successful reintegration of such offender into the community while recognizing the need for public safety. . . . Upon a determination that the conditions of parole have been violated in a parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, which circumstances shall be set forth in writing, or revoke the parole and order the return of the offender to a place of confinement designated by the executive director for any period of time up to the period remaining on such person's mandatory period of parole established in section 18-1.3-401(1)(a)(V) or 18-1.3-401.5(2)(a), C.R.S. Any offender who has been reincarcerated due to a parole revocation pursuant to this paragraph (a) shall be eligible for parole at any time during such reincarceration. . . .

Colo. Rev. Stat. § 17-22.5-403.

According to Respondent, Colorado law does not create a protected liberty interest because § 17-22.5-403(6) specifically prohibits the DOC from awarding Mr. Waynewood credit against his sentence for the null time spent on parole. In particular, Respondent points to the following language in that section:

> In computing the period of reincarceration for an offender other than an offender sentenced for a nonviolent felony offense, as defined in section 17-22.5-405(5), the time between the offender's release on parole and return to custody in Colorado for revocation of such parole shall not be considered to be part of the term of the sentence.

Colo. Rev. Stat. § 17-22.5-403(6).  Mr. Waynewood counters that this section does not apply to him because the first sentence of § 17-22.5-403(6) limits its application to "persons who are granted parole pursuant to subsection (5) of this section." Mr. Waynewood contends that he has not been granted parole pursuant to § 17-22.5-403(5) because that section applies only to "any offender who is incarcerated for an offense committed prior to July 1, 1993." As noted above, Mr. Waynewood is serving a sentence for an offense committed between August 6, 1995, and October 31, 1998. (*See* Doc. # 24-1 at 7.)

According to Mr. Waynewood, he was granted parole pursuant to § 17-22.5-403(7)(a), which applies to "any offender who is incarcerated for an offense committed on or after July 1, 1993." He further maintains that, because he was granted parole pursuant to § 17-22.5-403(7)(a), the revocation of his parole and reincarceration is governed by § 17-22.5-403(8)(a) rather than § 17-22.5-403(6). Furthermore, unlike § 17-2.5-403(6), there is no provision in § 17-22.5-403(8)(a) that prohibits consideration

8

of the time spent on parole in computing the period of reincarceration for an offender whose parole has been revoked. As a result, Mr. Waynewood contends that he is entitled to credit against his sentence for the time spent on parole.

Based on the record before the Court, the Court cannot accept the argument Respondent raises in the Response, which is that § 17-22.5-403(6) prohibits the DOC from awarding Mr. Waynewood credit against his sentence for the null time spent on parole. Respondent does not explain how a statutory provision that expressly applies to offenders incarcerated for crimes committed prior to July 1, 1993, is applicable to Mr. Waynewood when it is undisputed that he is incarcerated for a crime committed after that date. Respondent's unsupported assertion that Mr. Waynewood "is subject to the discretionary parole provisions" in § 17-22.5-403(5) & (6) because he "committed a sex offense after July 1, 1993, but before November 1, 1998" (Doc. # 24 at p.7) does not persuade the Court that Respondent's argument is correct. Even assuming § 17-22.5-403(5) & (6) generally apply to offenders subject to discretionary parole under Colorado law and that § 17-22.5-403(7)(a) & 8(a) generally apply to offenders subject to mandatory parole, the Court notes that § 17-22.5-403(7)(a) includes an exception "for specified offenses in section 17-2-201(5)(a), (5)(a.5), and (5)(a.7)" that are subject to discretionary parole like Mr. Waynewood. Therefore, it does not appear that Mr. Waynewood necessarily is subject to the parole provisions in § 17-22.5-403(5) & (6) as Respondent contends simply because his sentence is subject to discretionary parole and does not include a term of mandatory parole.

Respondent does not raise any other argument for why Mr. Waynewood should not receive credit against his sentence for the time spent on parole. However, Mr. Waynewood also fails to demonstrate he is entitled to the relief he requests in the Amended Application, which is that he has a right to receive credit against his sentence for the time spent on parole. It appears that Respondent has misapplied the relevant state statute in computing Mr. Waynewood's sentence but it is not clear what the correct outcome should be. Therefore, the Court will grant the Amended Application and Respondent will be ordered to recalculate Mr. Waynewood's sentence without reference to Colo. Rev. Stat. § 17-22.5-403(6).

## IV.  **CONCLUSION**

In summary, the Court finds that Respondent fails to show good cause why Mr. Waynewood is not entitled to relief. Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 5) is GRANTED.

IT IS FURTHER ORDERED that Respondent forthwith, but no later than ten business days after the date of this order, shall recalculate Mr. Waynewood's sentence without reference to Colo. Rev. Stat. § 17-22.5-403(6).

DATED:  May __07__, 2014

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge